UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EUGENE A. LOISEL III                                                                                          PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 3:07cv35-TSL-JCS

CHRISTOPHER EPPS, ET AL.                                                                         DEFENDANTS

======================================================================

MEMORANDUM OPINION AND ORDER

This cause comes on this date before the undersigned United States Magistrate Judge, an Order of Reference having been entered herein, on the plaintiff's Motion for TRO/Preliminary Injunction (document number 42). The parties have consented to proceed before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

In his complaint filed under 42 U.S.C. §1983, the plaintiff alleges that Defendants have denied him adequate medical treatment and used excessive force against him. In the Motion for Temporary Restraining Order and Preliminary Injunction pending before the Court (docket number 42), he alleges that members of the M.D.O.C. staff at SMCI, where he is currently housed, confiscated and destroyed legal materials during a "shakedown" conducted on December 20, 2007. He further alleges that he was the target of the shakedown, and that no other inmate's property was taken from his locker box and destroyed. In his memorandum in support of his Temporary Restraining Order, he does not make arguments regarding his legal materials. Instead, he argues that he is entitled to relief on the merits of the claims lodged in his complaint.

1

Rule 65(b) of the Federal Rules of Civil Procedure states as follows:

<u>Temporary Restraining Order; Notice; Hearing; Duration.</u> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, ...

Before a permanent injunction may issue, the plaintiff must show that: (1) there is a substantial likelihood that he will prevail ultimately on the merits; (2) there is a substantial danger that he will suffer irreparable injury if an injunction does not issue; (3) the threatened injury outweighs any harm to the defendant resulting from the injunction; and (4) the injunction will not harm the public interest. <u>Roho, Inc. v. Marquis</u>, 902 F.2d 356, 358 (5th Cir. 1990).

The plaintiff has wholly failed to prove that he is entitled to a preliminary injunction inasmuch as he makes no showing that there is a substantial likelihood that he will prevail ultimately on the merits, that the threatened injury outweighs any harm to the defendants resulting from the injunction, or that the injunction would not harm the public interest.

For these reasons, the undersigned finds that the plaintiff's motion for temporary restraining order and/or preliminary injunction should be denied.

SO ORDERED, this the  30  day of April, 2008.

                                                      _____s/ James C. Sumner_____
                                                     UNITED STATES MAGISTRATE JUDGE